UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Appellant, )<br>v. )<br>)<br>SCOTT CABLE COMMUNICATIONS, INC. and )<br>STATE STREET BANK AND TRUST CO. as )<br>Indenture Trustee for certain note holders )<br>)<br>Appellees )<br>_____) | No. 3:02-CV-1725 (AWT)<br><br>(Bankruptcy Appeal) |
| UNITED STATES OF AMERICA, )<br>)<br>Appellant, )<br>v. )<br>)<br>AKIN, GUMP, STRAUSS, HAUER & FELD, LLP, )<br>)<br>Appellee. )<br>_____) | [file separately in each case;<br>motion to consolidate pending]<br><br>No. 3:03-CV-357 (AWT)<br>(formerly No. 3:03-MC-12) |

*Caption as it Appears in the Bankruptcy Court*

| | |
|---|---|
| In re: )<br>)<br>)<br>SCOTT CABLE COMMUNICATIONS, INC., )<br>)<br>Debtor. )<br>_____) | (Bankr. Ct. Case No. 98-51923)<br>(Chapter 11) |

**OBJECTION, BASED PARTLY ON LACK OF STANDING,
TO INCORRECT STATEMENT IN APPELLEES' RESPONSES
TO UNITED STATES' REQUEST FOR JUDICIAL NOTICE
and Request to Expedite Ruling on Pending Preliminary Motions (Suggesting
a Telephonic Hearing if that Would Assist the Court's Disposition)**

On about October 20, 2003, the United States, as appellant, filed a request for judicial

notice of a transcript of hearing in the Delaware Bankruptcy Court and a letter ruling of that Court,

and included an explanation of the possible bearing of the matters discussed in the transcript and

- 1 -

letter ruling on the issues in these appeals, in which the following preliminary motions have delayed the commencement of briefing on the merits: the appellees' motion to dismiss No. 3:02-cv-1725 (with appellant's fall-back cross-motion for leave to appeal if leave is necessary) and appellant's motion to consolidate the two appeals and commence merits briefing. On November 20, 2003, the appellees in No. 3:02-cv-1725 filed responses to the request for judicial notice. The United States requests that the Court expedite resolution of the pending preliminary motions (and suggests a telephonic hearing if that would aid the Court's disposition).[1] The United States also objects, based partly on lack of standing, and partly due to factual misstatements, to the following recitation in the response of the Indenture Trustee, in which the debtor stated it "joins":

> U.S. Bank continues to maintain, consistent with its filings on the issue of conversion which are in the record, that conversion to Chapter 7 would simply add another layer of cost to this already complex and exhaustive litigation, without adding any benefit to the estate or the creditors remaining in the case. All parties recognize that all that is left in this case is the resolution of the pending adversary proceeding. There is nothing productive remaining for a Chapter 7 Trustee to do. To the extent that the United States might speculate as to possible issues for a Chapter 7 Trustee to explore, we note that any such issues would have already been pursued in the pending proceedings and on appeal, and such actions would necessarily be duplicative. Conversion at this stage would do nothing but add another party and expense to this case, the history of which now spans almost 6 years. . . . Once the adversary proceeding is resolved, and all appeals are exhausted, all that will be left is a distribution to the successful litigant.

The United States objects to appellees' standing to resist conversion (and therefore to defend the government's appeal from denial of conversion) to Chapter 7 on the ground of adding expense. The only way that the expenses or fees of a Chapter 7 trustee would ever be paid would be if either (1) the United States prevailed in the Delaware adversary proceeding, or (2) the Chapter 7 trustee prevailed in avoiding the security interest for the Junior Secured PIK Notes on

---

[1] The details of what is pending and the precise relief sought are set forth in the NOTICE OF ORDER (AND VIEWS) OF DELAWARE DISTRICT COURT AND MOTION WITH RESPECT TO RECORD AND BRIEFING SCHEDULE, filed on or shortly after March 10, 2003. If the appeals are not consolidated, the United States seeks to have the first one expedited.

some theory that the United States lacks standing to assert (two examples are mentioned below) – which is one of the grounds for the appeal from the order denying conversion to Chapter 7. Unless the security interest for the Junior Subordinated PIK Notes in all remaining funds is invalidated or subordinated (on the grounds asserted in the Delaware adversary proceeding), or is avoided by a Chapter 7 trustee under § 544(b) or subordinated under § 506(c) (grounds that only a trustee has standing to assert), the security interest would prime any claim of any Chapter 7 trustee for fees or expenses.[2/] Appellees have no right to posit that they will lose these appeals on the merits as a basis for arguing that this Court should affirm on the merits. And, they have no standing to argue for affirming the denial of conversion to Chapter 7 based on an assumption that they will lose the Delaware adversary proceeding (the only way a Chapter 7 trustee can get paid) because, if that happens, the burden of the expenses of a Chapter 7 trustee will fall on the tax claimants and not on the note holders whom the Indenture Trustee represents and whom the debtor is siding with (while it will receive a 21.5% commission if the security interest is upheld). Stated another way, the only way that the appellees can be harmed by any additional expense of conversion to Chapter 7 would be because the government has been correct all along in arguing that a Trustee would find a way to avoid the security interest that the United States lacks standing to pursue.

While the United States thus objects, based on lack of standing, to the argument in the first sentence in the above-blocked quote from the Indenture Trustee's response, virtually everything that follows that first sentence is simply untrue. "All parties" certainly do <u>not</u> agree that all that is left pending is the Delaware adversary proceeding. If the government loses that adversary proceeding in a final order after the exhaustion of any appeals, the government would continue to pursue these appeals and argue that a Chapter 7 or 11 trustee has broader powers to avoid or

---

[2/] This is equally true for a Chapter 11 trustee – the appointment of which was the alternative relief sought by the government in the bankruptcy court and the denial of which also at issue in the first appeal.

subordinate the security interest than are available to the United States, and that the debtor's conflict of interest absolutely entitles the government to a disinterested fiduciary. For example, the Supreme Court has held that only a trustee or debtor in possession (who acts as a trustee in a Chapter 11 case under 11 U.S.C. § 1107) can invoke 11 U.S.C. § 506(c).[3/] One ground for conversion is the conflict of interest in the debtor's management because it will receive 21.5% of any funds paid in respect to the Indenture Trustee's security interest. This obviously drives the debtor's determination not to argue for § 506(c) subordination of the security interest to pay the capital gains tax on the sale of the assets. Perhaps more importantly, by the terms of § 544(b), only a "trustee" has standing to commence a action to avoid a fraudulent transfer under state law. The security interest, having been granted for the benefit of shareholders and for inadequate consideration at the time when the debtor was insolvent is at least arguably a simple state-law fraudulent transfer avoidable by a Chapter 7 trustee under 11 U.S.C. § 544(b). Again, the conflict of interest has disabled the estate's current fiduciary (debtor in possession) from exercising the estate's right to challenge the security interest under § 544(b).

It becomes particularly appropriate to consider the conflict of interest and the additional avoidance powers of a Chapter 7 trustee when considering conversion when, as demonstrated in papers already on file, the stalling of this case under Chapter 11 without any possibility of a Chapter 11 plan being confirmed has been legally baseless and improper from the start (as the recently submitted comments of Judge Walsh in the transcript of the Delaware hearing further confirm). Upon conversion, the proper exercise of fiduciary duty will all but compel a Chapter 7 trustee to commence a § 544(b) avoidance action, if not also to seek to subordinate the security interest to capital gains tax under § 506(c), unless the Chapter 7 trustee determines that such efforts

---

[3/] *Hartford Underwriters, Ins. Co. v. Union Planters Bank*, 530 U.S. 1 (2000).

would have virtually no chance of success at all. The United States submits that a § 544(b) claim by a Chapter 7 (or 11) trustee should be consolidated for trial with the Delaware adversary proceeding, rather than possibly have such a § 544(b) action by a trustee begin after the conclusion of the Delaware adversary proceeding is over in the event that the government does not prevail.

Perhaps the most baseless assertion in the above quote from the response is the assertion that any issues a Chapter 7 trustee might raise would have already been pursued in the pending proceedings and on appeal and thus be duplicative. The United States lacks standing to bring a § 506(c) claim and similarly lacks standing to bring a § 544(b) action.[4/]

In addition, as previously noted, a Chapter 7 trustee could waive the attorney-client privilege asserted by the debtor. While the Delaware Bankruptcy Court granted the government's motion to compel production of a handful of allegedly privileged documents, potential further attorney-client privilege issues remain looming, including in respect to trial testimony. A Chapter 7 trustee, moreover, would have broad access to all files of all former attorneys who represented the current debtor and its predecessors in interest in the previous (1996) bankruptcy case in Delaware and before that and could use any information it learned from a review of those files to aid itself in a § 544(b) avoidance action.

Finally, the position quoted above, in stating that distribution is all that will be left after the conclusion of the Delaware adversary proceeding, seems to assume that the government will lose the Delaware adversary proceeding and thus ignores the second appeal (No. 3:03-cv-357), as well as the impact thereon of the first appeal. If the government prevails in Delaware by having the security interest be invalidated or equitably subordinated to administration expenses, there remains

---

[4/] No § 544(b) avoidance claim has *ever* been raised. The United States attempted a § 506(c) claim before the Supreme Court decided *Hartfort Ins.* and an appeal from the denial of § 506(c) relief, which was suspended, became moot when the Supreme Court's decision made it clear that only a trustee could pursue such relief.

the issue (in the second appeal) of whether Akin Gump's fees should come out of the funds made available for the administrative tax claims by the invalidation or equitable subordination of the security interest. And the appeal over the fees turns on at least some of the same legal issues involved in the first appeal from the Connecticut Bankruptcy Court's overruling of the government's objections to the cash collateral order and denial of its motion to convert. For example, the government thus maintains that debtor's counsel should not be paid for assisting the debtor in endeavors that the government maintains conflict with the fiduciary duties of a debtor in possession – *i.e.*, seeking to uphold liens *against* the estate when it instead has the duty to oppose liens that are arguably subject to invalidation (because equity cannot be secured), to equitable subordination under § 510(c), or to avoidance under § 544(b).

WHEREFORE, the United States requests that the Court expedite the disposition of the pending preliminary motions (by denying the motion to dismiss the first appeal, consolidating the appeals, and setting merits briefing) and suggests that the Court hold a telephonic hearing if that would be helpful to its disposition.

        KEVIN J. O'CONNOR
        United States Attorney

        ANN M. NEVINS
        Assistant United States Attorney
        Federal Bar No. CT06484
        915 Lafayette Blvd., Room 309
        Bridgeport, CT 06604
        (203) 696-3000

        _/s/ [signature] for_
        PETER SKLAREW
        Federal Bar No. CT 17864
        U.S. Department of Justice, Tax Div.
        P.O. Box 55
        Washington, D.C. 20044-0055
        (202) 307-6571

Certificate of Service

IT IS CERTIFIED that service of the **OBJECTION, BASED PARTLY ON LACK OF STANDING, TO INCORRECT STATEMENT IN APPELLEES' RESPONSES TO UNITED STATES' REQUEST FOR JUDICIAL NOTICE and Request to Expedite Ruling on Pending Preliminary Motions (Suggesting a Telephonic Hearing if that Would Assist the Court's Disposition)** has this  4th  day of December, 2003, been made upon the following by regular mail (and also by e-mail, omitting the attached transcript), addressed to:

Daniel H. Golden
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY  10022

Craig I. Lifland
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT  06605

Ira Goldman
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

Patricia Beary
Asst. U.S. Trustee
265 Church Street, Ste. 1103
New Haven, CT  06510-7016

Joan Pilver
Assistant Attorney General
State of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

_____
WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY